1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

M.A.Y.,
Plaintiff

v.

GS Elan Brighton LP,
Daylon Zanati,
GreyStar Property Management,
Tschuetter and Sulzer, P.C.
Judge Martin J. Flaum II
Adams County Court
Adams County District Court
, Defendants

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
11:06 am, Apr 08, 2024
**JEFFREY P. COLWELL, CLERK**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

Introduction

Plaintiff, M.A.Y., a resident of Colorado, brings forth this action against Defendants seeking redress for a pattern of egregious misconduct, including violations of federal and state law, fraud, and retaliatory actions arising from Plaintiff's status as a U.S. government whistleblower.

**Jurisdiction and Venue**

This Court holds subject matter jurisdiction under:

Federal Question - 28 U.S.C. § 1331, citing violations of 18 U.S.C. §§ 241, 242, and 42 U.S.C. § 1983.

Diversity of Citizenship - 28 U.S.C § 1332, based on complete diversity between the parties and an amount in controversy exceeding $75,000.

Venue is proper in the District of Colorado under 28 U.S.C. § 1391, as Defendants reside and conduct business within this district, and the events giving rise to this litigation occurred herein.

## Parties

Plaintiff, M.A.Y., is a resident of Colorado, their identity protected due to their status as a government whistleblower and witness in ongoing federal cases.

Defendant, GS Elan Brighton LP, is a business entity engaged in residential property management within Colorado, potentially affiliated with other corporate entities.

Defendants Mark Tschetter, Christopher Cunningham, and their law firm provided legal representation to GS Brighton LP throughout fraudulent legal proceedings.

Additional individuals may be added as Defendants upon further discovery, including judicial officers, court personnel, and others complicit in the misconduct described herein.

## Factual Background

Plaintiff's protected whistleblower status under federal law is central to Defendants' retaliatory actions and fraudulent efforts to terminate Plaintiff's lawful tenancy.

Plaintiff resided in a rental property managed by [Name of Opposing Party]. Issues arose when Plaintiff was compelled to disclose their confidential identity to Defendants to avert an unlawful eviction during their absence due to federal obligations.

Upon revelation of their protected status, Defendants initiated a campaign of harassment and retaliation to silence Plaintiff and impede cooperation with law enforcement. This campaign included, but was not limited to:

Filing a fraudulent eviction proceeding (Case No. 2024C23355) in the Adams County Court, marked by fabricated evidence and false claims.

Continuous intimidation tactics against Plaintiff, including trespass, threats, and unwarranted visits by law enforcement initiated by Defendants' false reports.

A deliberate campaign to isolate Plaintiff through harassment of guests, potential witnesses, and service providers, aiming to interfere with legal representation and due process.

Defendants' fraudulent scheme extended into the Adams County Court, including:

The submission of forged documents, such as fabricated invoices and falsified notices, as evidence in the unlawful eviction case.


The suppression of exculpatory evidence that should have been disclosed via discovery, indicating intent to manipulate proceedings.

Collusion between Defendants and judicial officers or court personnel, with evidence suggesting improper influence over rulings and court procedures to obstruct Plaintiff's defense.

**Causes of Action**

**Count 1: Conspiracy to Defraud the United States (18 U.S.C. § 241)**

Defendants engaged in a conspiracy to defraud the United States by obstructing justice, interfering with a federal witness, and undermining Plaintiff's constitutional rights to silence a key individual in protected federal proceedings.

**Count 2: Deprivation of Rights Under Color of Law (18 U.S.C. § 242)**

Judicial officers, court personnel, and Defendants, acting under color of state law, deprived Plaintiff of their constitutional rights, including:

- 14th Amendment Due Process & Equal Protection: Deliberate disregard of procedural safeguards, arbitrary rulings, and failure to provide a fair and unbiased process.
- Right to a Fair Trial: Collusion with Defendants to present false evidence, deny access to exculpatory materials, and prevent Plaintiff from presenting their case.
- Freedom from Retaliation: Pattern of harassment and fraudulent legal actions explicitly designed as a retaliatory response to Plaintiff's protected whistleblower activities.

**Count 3: Civil Action for Deprivation of Rights (42 U.S.C. § 1983)**

Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the U.S. Constitution and federal laws, including:

- 14th Amendment Due Process: Judicial officers failed to uphold Plaintiff's right to notice, a fair opportunity to be heard, and to present a defense. Prejudiced rulings and collusion with the opposing party rendered the proceedings fundamentally unfair.
- 14th Amendment Equal Protection: Plaintiff, due to their protected whistleblower status, was targeted with a retaliatory campaign and faced differential treatment by judicial officers, amounting to discrimination.
- Protection Against Retaliation for Protected Actions: Defendants' pattern of harassment, threats, and fraudulent eviction proceedings stemmed directly from their desire to retaliate against Plaintiff based on their protected witness status.

**Count 4: Violations of the Americans with Disabilities Act (ADA)**

4

Plaintiff possesses documented disabilities. Throughout the Defendants' campaign of harassment and the fraudulent legal proceedings, the Court and the Defendants willfully disregarded Plaintiff's disabilities, including: * Denial of Reasonable Accommodations: Dismissed or ignored requests related to Plaintiff's disabilities, compromising their ability to fully understand procedures and mount a proper defense. This may have included inaccessible communication methods or refusal to modify court processes. * Disability-Based Harassment and Discrimination: Defendants' actions targeted Plaintiff's vulnerabilities stemming from their documented disabilities, causing additional emotional distress and interfering with their protected right to housing.

**Count 5: Fraud and Forgery (Colorado State Statutes)**
Defendants committed fraud upon the Court and the Plaintiff by knowingly presenting forged and fabricated documents, including, but not limited to:

- Falsified invoices and receipts to support inflated or illegitimate damage claims.
- Fabricated communication records, falsely attributed to the Plaintiff, to portray them negatively within the eviction proceedings.

Defendants' fraudulent actions violate Colorado civil and criminal statutes, including but not limited to:

- C.R.S. 18-5-101 et. seq. (Forgery)
- C.R.S. 18-8-114 (Offering a False Instrument for Recording)
- C.R.S. 18-4-501 (Attempt to Influence a Public Servant)

**Count 6: Official Misconduct (Colorado State Statutes)**
Judicial officers connected to this matter exhibited official misconduct through actions (or inaction) including, but not limited to:

*  C.R.S. 18-8-404 (First Degree Official Misconduct): Knowingly failing to perform duties required by law, with intent to obtain a benefit or cause harm to another. This includes ignoring evidence of fraud and allowing its use in official proceedings.
*  C.R.S 18-8-405 (Second Degree Official Misconduct):  Issuing unlawful rulings, obstructing Plaintiff's right to due process, and demonstrating clear bias, constituting an abuse of their official position.

**Count 7: Breach of Ethical Duties (Colorado Rules of Professional Conduct)**
Defendants Mark Tschetter, and Christopher Cunningham, as attorneys, violated the Colorado Rules of Professional Conduct. This includes, but is not limited to:

* **Rule 3.3: Candor Toward the Tribunal:**  Submitting forged evidence and knowingly making false statements of fact before the Court.

* **Rule 3.4:  Fairness to Opposing Party and Counsel:** Engaging in obstructionist tactics, failing to disclose discoverable information, and attempting to silence witnesses.
* **Rule 8.4:  Misconduct:** Conspiring to defraud the Court and the Plaintiff, and engaging in conduct prejudicial to the administration of justice.

### Count 8: Fraud and Forgery (Colorado State Statutes)

Defendants committed fraud upon the Court and Plaintiff by knowingly presenting forged and fabricated documents, including:

- Falsified invoices and receipts to support inflated or illegitimate damage claims.
- Fabricated communication records falsely attributed to Plaintiff to portray them negatively within the eviction proceedings.

Defendants' fraudulent actions violate Colorado civil and criminal statutes, including but not limited to:

- C.R.S. 18-5-101 et. seq. (Forgery)
- C.R.S. 18-8-114 (Offering a False Instrument for Recording)
- C.R.S. 18-4-501 (Attempt to Influence a Public Servant)

### Count 9: Official Misconduct (Colorado State Statutes)

Judicial officers connected to this matter exhibited official misconduct through actions (or inaction) including, but not limited to:

- C.R.S. 18-8-404 (First Degree Official Misconduct): Knowingly failing to perform duties required by law, with intent to obtain a benefit or cause harm to another. This includes ignoring evidence of fraud and allowing its use in official proceedings.
- C.R.S 18-8-405 (Second Degree Official Misconduct): Issuing unlawful rulings, obstructing Plaintiff's right to due process, and demonstrating clear bias, constituting an abuse of their official position.

### Count 10: Breach of Ethical Duties (Colorado Rules of Professional Conduct)

Defendants Mark Tschetter, and Christopher Cunningham, as attorneys, violated the Colorado Rules of Professional Conduct, including:

- Rule 3.3: Candor Toward the Tribunal: Submitting forged evidence and knowingly making false statements of fact before the Court.

- Rule 3.4: Fairness to Opposing Party and Counsel: Engaging in obstructionist tactics, failing to disclose discoverable information, and attempting to silence witnesses.
- Rule 8.4: Misconduct: Conspiring to defraud the Court and Plaintiff, and engaging in conduct prejudicial to the administration of justice.

### Count 11: Witness Tampering and Obstruction of Justice

Defendants engaged in willful obstruction of justice by intimidating witnesses, attempting to silence individuals with information pertinent to their misconduct, and directly interfering with Plaintiff's efforts to prepare their defense. Which includes Maintence staff removing criminal complaints I have filed in US District Court, as well as criminal invasion of privacy by recording me in common areas of this apartment complex. Once served with the Criminal Complaints, they began severe retalition, and falsifying of court documents, on a massive scale to get immediate writ to place me on the street, after they have had me trapped ina  3rd floor apartment, and forced me to lose over 100 pounds due to severe vertigo, instead of supplying a ADA unit, in compliance.

### Damages and Relief Sought

Plaintiff seeks the following relief:

- Compensatory Damages: To compensate for financial losses, emotional distress, and harm to reputation.

- Punitive Damages: To punish Defendants for their willful and malicious conduct.

- Injunctive Relief: Enjoining Defendants from further contact, harassment, retaliatory actions, or any legal filings.

- Declaratory Relief: A declaration from this Court that Defendants' actions were unlawful and violated Plaintiff's federally protected rights.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all claims presented herein.

### BRIEF MEMORANDUM IN SUPPORT OF JURISDICTIONAL STATEMENT

Plaintiff provides this memorandum in support of the previously filed Jurisdictional Statement, outlining the legal basis for this Court's jurisdiction over the claims raised in the Complaint.

### Federal Question Jurisdiction

- 18 U.S.C. §§ 241 and 242: The alleged conspiracy involving judicial officers, court personnel, and Defendants to obstruct justice and deprive Plaintiff of their rights under color of law constitutes a direct violation of federal criminal statutes.
- 42 U.S.C § 1983: Provides a civil cause of action for violations of constitutional rights under color of law, including due process violations and the pattern of retaliation stemming from Plaintiff's protected whistleblower status.

**Diversity Jurisdiction**

- The Plaintiff is a resident of Colorado, and the Defendants are citizens of Colorado.
- The amount in controversy exceeds $75,000, based on compensatory and punitive damages sought, the financial and emotional harm caused, and the ongoing need for federal protection to ensure due process in the face of potential misconduct by state legal actors.

**DOCKETING STATEMENT**

Plaintiff identifies this case as a civil matter appropriate for the following docket categories:

- Civil Rights: Due to clear violations of federally guaranteed rights.
- Conspiracy or RICO: Due to the alleged conspiracy among the Defendants.
- Fraud/Deceptive Practices: The use of forged documents and fabricated evidence constitutes fraud.

**STATEMENT OF INDIGENT STATUS**

Plaintiff respectfully requests the Court consider their current status of indigency. Plaintiff lacks any financial resources to pay the associated court filing fees. Plaintiff will provide any and all documentation required to submit an application for in forma pauperis status to seek a waiver of filing fees. I have no assets, and no income, and still have not received any SSDI.

**Conclusion**

Plaintiff asserts the District Court of Colorado as the proper venue due to both federal question and diversity jurisdiction. The nature of the allegations, seeking redress for serious violations of law and protected rights, necessitates adjudication within the federal court system.

**Dated: 04/05/2024**

Respectfully submitted,

M.A.Y.

8

**Certificate of Service**

All Parties Were Served Via Email - Efile System in State Courts, where the fraud is happening.