IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00942-SBP

MAVERICK ALEXANDER YOUNG,[1]

    Plaintiff,

v.

GS ELAN BRIGHTON LP,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Maverick Alexander Young, initiated this action by filing *pro se* a Complaint for Damages and Injunctive Relief (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2). The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) will be granted.

    On April 15, 2024, Mr. Young filed an amended Complaint for Declaratory and Injunctive Relief and Damages (ECF No. 4) (the "amended complaint"). The amended complaint is the operative pleading in this action because "[a]n amended complaint supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) (cleaned up).

---

[1] Plaintiff uses only the initials "M.A.Y." to identify himself because he is "a government whistleblower and witness in ongoing federal cases." (ECF No. 1 at p.2.) "[T]he Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citing Rules 10(a) and 17(a)). Many of the attachments submitted with the original complaint and docketed without restriction, including copies of state court orders and filings, reveal that Plaintiff's full name is Maverick Alexander Young. The Court refers to Plaintiff using his full name because Plaintiff fails to allege facts that would justify using only his initials.

The Court must construe the amended complaint liberally because Mr. Young is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Young will be directed to file a second amended complaint if he wishes to pursue any claims in this action.

**I. The Amended Complaint**

Mr. Young asserts two claims for relief in the amended complaint, one under the Fair Housing Act ("FHA") and one under the Americans with Disabilities Act ("ADA").

Mr. Young alleges he resides in a residential apartment complex in Brighton, Colorado, that is managed by Defendant. He further alleges he suffers from a disability that necessitates the use of an assistance animal. According to Mr. Young, Defendant disseminated a pet policy to residents of the apartment complex on April 11, 2024; the pet policy includes prohibitions and limitations on animals within the residential complex, including breed and weight restrictions, additional pet fees, and mandatory veterinary documentation; and the "reasonable accommodation process" for assistance animals "is unduly burdensome and discriminatory." (ECF No. 4 at p.2.) In particular, Mr. Young alleges the "'reasonable accommodation process' outlined by Defendant required Plaintiff to provide extensive medical records and submit to a third-party evaluation, at Plaintiff's own expense." (*Id.*) As relief Mr. Young seeks a declaration that Defendant's restrictive pet policy violates the FHA and the ADA, an injunction prohibiting Defendant from enforcing the restrictive pet policy, and damages.

**II. Analysis**

**• Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

**• Fair Housing Act**

In relevant part, the FHA prohibits discrimination against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services of facilities in connection with such dwelling, because of the renter's handicap. *See* 42 U.S.C. § 3604(f)(2). Prohibited discrimination includes "a refusal to make reasonable accommodations in rules,

3

policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3). A plaintiff asserting a failure to accommodate claim under the FHA must allege facts that show:

(1) he is handicapped as defined by the FHA;

(2) the defendant knew or reasonably should have known of the claimed handicap;

(3) accommodation of the handicap may be necessary to afford him an equal opportunity to use and enjoy the dwelling;

(4) the accommodation is reasonable; and

(5) the defendant refused to make such accommodation.

*Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp.3d 1177, 1183 (D. Colo. 2016).

Here, Mr. Young alleges he suffers from a disability that necessitates the use of an assistance animal, although he does not allege specific facts that demonstrate he is handicapped within the meaning of the FHA. To fall within the definition of "handicap" under the FHA a person must (1) have a physical or mental impairment that substantially limits one or more of the person's major life activities; (2) have a record of having such an impairment; or (3) be regarded as having such an impairment. 42 U.S.C. § 3602(h). Mr. Young also fails to allege specific facts that satisfy the remaining elements of his failure to accommodate claim. In fact, he concedes Defendant provides a "reasonable accommodation process" for assistance animals. He does not allege specific facts regarding the "extensive medical records" and "third-party evaluation" that demonstrate Defendant's "reasonable accommodation process" violates the FHA. "The duty to make a reasonable accommodation does not simply arise from the fact that the handicapped

person wants such an accommodation made." *Arnal*, 226 F. Supp.3d at 1186. Instead, Defendant must "have been given an opportunity to make a final decision with respect to Plaintiff's request, which necessarily includes the ability to conduct a meaningful review of the requested accommodation to determine if such an accommodation is required by law." *Id.*

• **Americans With Disabilities Act**

The ADA forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III. *See Tennessee v. Lane,* 541 U.S. 509, 516-17 (2004). Here, Mr. Young does not identify the specific claim he is asserting under the ADA and it does not appear that his failure to accommodate claim may be asserted under the ADA. He is not asserting an employment claim under Title I of the ADA; the definition of a "public entity" in Title II of the ADA does not include a private entity that manages residential apartment complexes, *see* 42 U.S.C. § 12131(1); and a residential apartment complex is not a place of "public accommodation" under Title III of the ADA, *see* 42 U.S.C. § 12181(7).

**III. Conclusion**

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp.

1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

To comply with Rule 8 Mr. Young must file a second amended complaint that identifies, clearly and concisely, the specific claims he is asserting, the specific right allegedly violated in each claim, and the specific factual allegations that support each claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Mr. Young need not submit exhibits with his amended complaint. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Young will be directed to file his second amended complaint on the court-approved Complaint form.

Finally, Mr. Young is advised that he may choose to contact the Federal Pro Se Clinic at

(303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294. Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2) is granted. It is

FURTHER ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, a second amended complaint on the court-approved Complaint form that complies with the pleading requirements of Rule 8. It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint within the time allowed, the action may be dismissed without further notice.

DATED April 22, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge